## F. M. BRADSHAW

### *v.*

## THE STANDARD OIL COMPANY.

*Filed at Ottawa May 15, 1885.*

1. APPEAL AND ERROR—*whether action is one sounding in damages.*
An action of assumpsit to recover damages for the breach of a contract,
whereby the plaintiff alleges he has lost the good will of an established busi-
ness, though in form an action *ex contractu,* is an action sounding in damages,
within the meaning of section 8 of the Appellate Court act, and no appeal
or writ of error lies to review the judgment of the Appellate Court affirming
a judgment in such a case for less than $1000.

2. An action sounding in damages, within the meaning of the statute
relating to appeals and writs of error from or to the Appellate Court, is one
where the damages can not be determined in dollars and cents by witnesses,
but certain facts are proven, and from those facts the jury determine the
amount of damages, as in slander, and the like. The words, "sounding in
damages," were intended to include all cases, whether the action is *ex con-
tractu* or *ex delicto,* when the damages are not susceptible of direct proof.

WRIT OF ERROR to the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior Court
of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. MILLARD R. POWERS, for the plaintiff in error.

Messrs. FAIRCHILD & BLACKMAN, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Bradshaw, in the Superior
Court of Cook county, against the Standard Oil Company, to
recover, in an action of assumpsit, damages for an alleged
breach of a contract, whereby he, as is alleged, lost the good
will of a certain established business. On the trial, which
was had before the court, without a jury, the plaintiff, Brad-
shaw, recovered a judgment for one cent. This judgment
was affirmed in the Appellate Court, and the plaintiff in the
action sued out this writ of error.

The defendant in error has entered a motion to dismiss the writ of error, upon the alleged ground that the action is one sounding in damages, and the judgment being for a less sum than $1000, under the statute the decision of the Appellate Court affirming the judgment of the Superior Court is final. The language of the 8th section of the Appellate Court act, which has a direct bearing on the question involved, is as follows: "In all cases determined in said Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages wherein the judgment of the court below is less than $1000, exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment * * * of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom." The record discloses the fact that the judgment recovered in the Superior Court was for a less sum than $1000, and that it was affirmed in the Appellate Court. If, then, the action was one sounding in damages, it is apparent, under the terms of the statute, that a writ of error will not lie. Whether the action is one sounding in damages, within the meaning of the statute, we think there can be no doubt. Nothing was claimed to be due for property sold, or for services. The only claim interposed, as appears from the bill of exceptions, was "damages for loss of good will." An action sounding in damages is one where the damages can not be estimated in dollars and cents by witnesses, but certain facts are proven, and from these facts the jury determine the amount of damages,—for instance, an action of slander, assault and battery, malicious prosecution, false imprisonment, and other like cases. Here the claim was loss of good will, and what that might be worth would have to be estimated by the court or jury after the testimony had all been heard. In such a case no witness could give an opinion of the probable value of the loss which plaintiff had sustained, any more than could be given in an action for

slander. The legislature doubtless intended, by the use of the words, "sounding in damages," to include all cases, whether the action might be *ex contractu* or *ex delicto*, where the damages are not susceptible of direct proof. Such is this case.

The writ of error will be dismissed.

*Writ of error dismissed.*